IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. GREEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MINNESOTA LIFE INSURANCE COMPANY, STANDARD INSURANCE COMPANY, and DOES 1 to 10,<br><br>　　　　Defendants. | No. C 05-02410 JSW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT** |

Now before the Court is plaintiff David B. Green's ("Plaintiff") motion to remand this action to the California Superior Court for the City and County of San Francisco. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Plaintiff's motion to remand.

## BACKGROUND

Plaintiff originally filed this action on May 9, 2005 in San Francisco Superior Court against defendants Minnesota Life Insurance Company ("Minnesota Life") and Standard Insurance Company ("Standard") (collectively "Defendants") for breach of contract and breach of the covenant of good faith and fair dealing. Plaintiff is insured under an individual disability insurance plan issued by Minnesota Life. (Compl. at ¶ 7.) Plaintiff's policy was acquired by Standard. (Br. at 2.) Plaintiff alleges that when he became disabled, Defendants wrongfully denied his claim for disability insurance benefits, thereby breaching the terms of the contract and implied covenant of good faith and fair dealing. (Compl. at ¶ 20.)

Plaintiff served Minnesota Life with a summons and a copy of the complaint on May 12, 2005, and served Standard on May 16, 2005. Defendants filed a joint notice of removal on June 14, 2005 based on diversity of citizenship under 28 U.S.C. § 1332. (Notice of Removal at ¶ 5.) The notice of removal stated that both defendants had been served on May 16, 2005. (*Id.* at ¶¶ 1, 2.)

Plaintiff filed a motion to remand on July 13, 2005 based on Defendants' failure to timely file a notice of removal. (Br. at 2.) On September 1, 2005, one hundred and twelve days after Minnesota life was served, and one hundred and eight days after Standard was served, Defendants jointly filed an amended notice of removal and an opposition to Plaintiffs' motion to remand. In the amended notice of removal, Defendants alleged for the first time that Minnesota Life was an improper defendant that should be disregarded for purposes of determining removal jurisdiction. (Opp. Br. at 2; Amended Notice of Removal at ¶ 2.)

**DISCUSSION**

**A.    Legal Standard**

A defendant may remove a state civil action to federal court if the action originally could have been brought in federal court. 28 U.S.C. § 1441. A defendant who wishes to remove to federal court must file a notice of removal within thirty days after the receipt by the defendant of formal service of process. 28 U.S.C. § 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354-56 (1999). "The time limit is mandatory and a timely objection to a late petition will defeat removal." *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212 (9th Cir. 1980). In addition, the Ninth Circuit "strictly construes the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). Therefore, the defendant bears the burden of establishing that removal is proper given the strong presumption against removal jurisdiction. *Id.*

**B.    Plaintiff's Motion to Remand**

Plaintiff moves to remand based on Defendants' failure to remove this action within thirty days after service of process on the first-served defendant, Minnesota Life. (Br. at 1.) Plaintiff further argues that Defendants cannot belatedly amend their notice of removal to state

2

that Minnesota Life was fraudulently joined. (Br. at 2.) The parties do not dispute that the notice of removal was untimely if the thirty-day removal period commenced when Minnesota Life received service of process. (Br. at 1; Opp. Br. at 2.) Defendants argue, however, that the thirty-day period should begin when Standard was served because: (1) the last-served defendant rule applies; (2) Plaintiff has suffered no prejudice; and (3) Minnesota Life is an improper defendant. The Court will address each argument in turn.

### 1. The First-Served Rule Applies.

Within the Ninth Circuit there is a split in authority over when service of process triggers the thirty-day removal period in cases involving multiple defendants. *United Computer Sys. v. AT & T Info. Sys., Inc.,* 298 F.3d 756, 763 n.4 (9th Cir. 2002) (noting the split while "express[ing] no opinion [at that time] as to the propriety of either rule"). Under the first-served rule the removal period in multi-defendant cases commences for all defendants upon formal service of process on the first-served defendant. *Id.* at 762. The last-served rule grants each defendant thirty days from the date the defendant was served to file a notice of removal. *Smith v. Mail Boxes, Etc.,* 191 F. Supp. 2d 1155, 1158 (E.D. Cal. 2002). The first-served rule "has been apparently adopted by the majority of courts that have addressed this issue." *Id.* at 762; *but cf. Smith*, 191 F. Supp. 2d at 1159 ("Although several decisions refer to the first-served rule as the majority rule and the last-served rule as the minority rule ... it is not entirely clear to this court that the first-served interpretation constitutes the majority rule.") (internal citations omitted).

The first-served rule is consistent with the strong presumption against the exercise of removal jurisdiction. *See McAnally Enterprises, Inc. v. McAnally*, 107 F. Supp. 2d 1223, 1229 (C.D. Cal. 2000) ("[T]his Court finds the [first-served] rule to be more persuasive, especially in light of the rule requiring removal statutes to be construed narrowly."). The rule also provides for "early determination of the forum in which litigation is to take place." *Morgan v. Asbestos Defendants (BHC)*, No. C 02-05761 WHA, 2003 WL 945987, at *2 (N.D. Cal. Feb. 28, 2003).

Courts have found it fair to impose the first-served rule in cases where a careful defendant could have determined who the other defendants were and filed in a timely fashion.

3

*See, e.g., Varney v. Johns-Manville Corp.,* 653 F. Supp. 405, 406-07 (N.D. Cal. 1987) (finding the last-served rule "unnecessarily broad because in most cases ... a careful defendant can determine who the other defendants are and request that they join the petition to remove"); *Big B Automotive Warehouse Distrib., Inc. v. Coop. Computing, Inc.*, No. SC 00-2602, 2000 WL 1677948, at *2 n.4 (N.D. Cal. Nov. 1, 2000) (finding that the removal period commenced when the earlier-served defendant received service of process because the later-served defendant was a wholly-owned subsidiary with the same attorneys and designated agent for process). To the extent the first-served rule encourages plaintiffs to manipulate service of process or join sham defendants in an attempt to thwart removal jurisdiction, it need not be applied when an inequitable result would follow. *See Brown v. Demco, Inc.,* 792 F.2d 478, 482 (5th Cir. 1986) (noting "exceptional circumstances" might warrant application of the last-served rule); *Biggs Corp. v. Wilen*, 97 F. Supp. 2d 1040, 1045 (D. Nev. 2000).

Here, Defendants have not pointed to any exceptional circumstances to warrant applying the last-served rule. Defendants filed a notice of removal thirty-three days after Minnesota Life was served due to the "misconception" that both defendants had been served on the same day (Opp. Br. at 1-2). Given that Defendants had joint counsel at the time the notice of removal was filed, and that Standard is responsible for Minnesota Life's defense, ordinary diligence should have revealed the date on which Minnesota Life was served. Nor do the papers suggest that Plaintiff acted in bad faith when attempting service of process on Defendants. Plaintiff served Minnesota Life on a Thursday, while serving Standard on the following Monday. The Court, therefore, finds it appropriate to apply the first-served rule in this case.

**2.    Lack of Prejudice Does Not Excuse the Timeliness Requirement.**

Defendants further argue that the Court should deny the motion to remand because Plaintiff was not prejudiced by the untimely notice of removal. (Opp. Br. at 6.) However, Defendants have not provided, nor has the Court found, any authority demonstrating that the thirty-day rule may be waived solely based on a lack of prejudice. Accordingly, the Court rejects Defendants' argument.

4

### 3.  Defendants' Attempt to Amend Their Notice of Removal Was Untimely.

Defendants filed an amended notice of removal over one-hundred days after they received service of process. The amended removal notice states that Minnesota Life was fraudulently joined. Defendants argue that due to the fraudulent joinder, Minnesota Life should be disregarded in determining whether removal was timely. Plaintiff counters that Defendants' attempt to substantively amend their notice of removal after the thirty-day deadline is improper and thus the additional arguments raised in the amended notice should not be considered by this Court. The Court concludes that Defendants' attempt to amend their notice of removal is untimely, and therefore, the Court will not consider whether Minnesota Life actually is only a nominal defendant.

It is well-established that a notice of removal may not be amended to add a separate basis for removal jurisdiction after the thirty-day removal period has expired. *ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality of the State of Mont.,* 213 F.3d 1108, 1117 (9th Cir. 2000), *citing O'Halloran v. University of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988). Moreover, leave to amend a notice of removal may be denied even before the thirty-day period has expired. *See Clifton v. Cytodyne Technologies, Inc.,* No. C-02-1835-VRW, 2002 WL 31056634, at *1 (N.D. Cal. April 16, 2002). Untimely amendments are permissible only to allow for the correction of a technical defect in the form of a notice. *See e.g., ARCO,* 213 F.3d at 1117 (noting that amendment could be permitted to correct a defective allegation of jurisdiction if the omitted fact(s) were in the record of the state court proceedings); *Barrow Development Co. v. Fulton Ins. Co.,* 418 F.2d 316, 317-18 (9th Cir. 1969) (granting leave to amend where the removal petition included the corporations' states of citizenship but failed to name their places of incorporation and principal places of business).

Here, Defendants are correcting more than a technical defect. Their proposed amendment adds a new substantive basis to support removal jurisdiction. Defendants could have presented their argument "upon first receiving the complaint, as it was their burden to do." *Simpson v. Union Pacific RR Co.,* 282 F. Supp. 2d 1151, 1158 (N.D. Cal. 2003); *cf. Kaneshiro v. N. Am. Co. for Life and Health Ins.,* 496 F. Supp. 452, 455-56, 462 (D. Haw. 1980) (finding

in the context of extension of time to remove under 28 U.S.C. § 1446(b) that 'the burden is on the defendant seeking removal to scrutinize the case and remove it in a timely fashion'). Because Defendants failed to raise the issue of fraudulent joinder in their amended removal notice, the Court will not consider this argument. Accordingly, the Court holds that the time to remove began to run when Minnesota Life was served, and thus Defendants' removal is untimely.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED and the case is hereby REMANDED. All further proceedings will be heard in State Court.

**IT IS SO ORDERED.**

Dated: November 1, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE